DECISION AND JUDGMENT ENTRY
Appellant, Duane J. Tillimon, is a licensed real estate broker. On January 20, 2000, appellant entered into an agreement with appellees, Travis and Emma Rideout, for the sale of a four bedroom residential home in Toledo. It is undisputed that all parties intended the sale to be a land contract. To effect this, appellant drafted a "Residential Real Estate Purchase Agreement" with a "Land Contract Addendum," using preprinted forms. These documents detailed the purchase price, down payment and other terms of the sale, including monthly payments and default provisions. All parties executed these agreements and shortly thereafter appellees moved into the home.
On March 15, 2000, and again on April 1, 2000, appellant accepted payments from appellees consistent with the terms of the January 20 agreements. Appellant, nevertheless, maintains that appellees failed to satisfy certain conditions of these agreements, including paying all the installments of the cash down payment and transferring the utility service. According to appellees, on May 5, 2000, appellant caused the electricity at the home to be disconnected, forcing them to vacate the premises.
On May 15, 2000, appellant filed a landlord's complaint in the Toledo Municipal Court, seeking appellees' eviction and damages to be determined later. The matter was set for a hearing on the eviction question on June 6, 2000. Appellees' June 2 motion for a continuance of this hearing was overruled. When neither appellees nor their counsel appeared at the June 6 hearing, the court issued by default a writ of restitution. On June 14, 2000, appellees answered appellant's complaint and filed a counterclaim for damages resulting from appellant's alleged breach of the purchase contract.
The matter proceeded to a bench trial, following which, the court concluded that the January 20 agreements constituted a land installment contract, the terms of which were ascertainable. The court then ruled that appellant should have initiated a forfeiture pursuant to R.C. 5313.05,et seq., rather than a complaint pursuant to R.C. Chapter 1923.
On the counterclaim, the court found that appellant had caused the electricity in the home to be disconnected, resulting in the constructive eviction of appellees. In damages, the court awarded appellees the difference between the amount they had paid appellant and that to which he would have been entitled in payments per the agreement. From this judgment, appellant now brings this appeal.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
Appellant sets forth seven assignments of error in which he essentially asserts that (1) the trial court's conclusion that the January 20 documents establish a valid land contract was erroneous, (2) the court's decision to issue a writ of restitution should act as res judicata to the validity of the oral lease agreement, and (3) the court's finding of constructive eviction was not supported by the facts.
 I.
It is undisputed that this transaction was initially intended to be a land contract sale of real property. However, appellant testified that when appellees failed to produce the cash remainder of their down payment, the arrangement was converted to an oral lease/rental agreement. The evidence of this oral lease was from testimony and documents supplied solely by appellant. Appellees testified that they had not discussed such an arrangement with appellant.
The trial court chose to give greater weight to appellees' testimony, concluding that the terms contained in the purchase agreement and the land contract addendum, together with partial performance, were sufficient to create a valid land contract.
It is well settled that in questions of fact, appellate courts afford great deference to a trial court's findings. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. As long as there is competent, credible evidence to support such findings, the trial court's determinations will not be reversed on appeal. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus. Here, the trial court afforded greater weight to appellees' testimony, a determination which we will not disturb.
Accepting the court's factual findings, its legal conclusions follow as a matter of course. The detail of the terms disclosed in the documents before the court are substantially greater than those found sufficient to satisfy R.C. 5313.02 in Shimko v. Marks (1993), 91 Ohio App.3d 458, 461. Accordingly, appellant's first and sixth assignments of error are not well-taken.
 II.
More problematic is appellant's second assignment of error. Appellant contends that because the court issued a writ of restitution in the eviction portion of this matter, that this should be determinative of the existence of an oral lease.
The doctrine of res judicata bars subsequent actions based on claims or issues previously litigated to a valid, final judgment on the merits.Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. The issuance of a writ of restitution can be a final order. Allman v. Summers (Nov. 16, 1999), Tuscarawas App. No. 1999AP030014, unreported. A default judgment may be a valid judgment on the merits. Federal Deposit Ins.Co. v. Willoughby (1984), 19 Ohio App.3d 51, 53. Consequently, the decision underlying the issuance of the writ, if allowed to stand, would preclude relitigation of the propriety of the action brought.
The trial court acted inconsistently with such an application of the doctrine of res judicata. Within a week of the entry of the writ by default, appellees filed their answer and counterclaim in which they challenged the basis of appellant's complaint. The trial court permitted this answer to stand, held a trial on the matter and ruled in favor of appellees. To do this, the court would have had to set aside the judgment underlying the writ. Yet there was no motion for relief from judgment pursuant to Civ.R. 60(B), nor was there any express indication that it treated appellees' answer as a Civ.R. 60(B)(1) motion. Absent such a motion, from which we could infer that the earlier judgment was tacitly set aside, or an express entry by the court deeming appellees' answer to be a Civ.R. 60(B) motion, appellant must prevail on this question. Accordingly, appellant's second assignment of error is well-taken.
 III.
Appellant's remaining assignments of error are for matters the court did not reach because of its failure to apply issue preclusion in the case. Accordingly, they are not yet ripe for our consideration.
On consideration whereof, the judgment of the Toledo Municipal Court is vacated. This matter is remanded to said court to clarify whether it intended to treat appellees' answer as a motion for relief from judgment, to permit appellees to interpose a motion pursuant to Civ.R. 60(B) or other proceedings consistent with this decision. Costs to appellees.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J.,CONCUR.